United States District Court
Southern District of Texas
**ENTERED**
March 18, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CARDDIE MURRAY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-CV-1707 |
| | § | |
| **KILOLO KIJAKAZI,** | § | |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM OPINION

Pending before the Court[1] is Plaintiff Carddie Murray's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 20) and Defendant[2] Kilolo Kijakazi's ("Commissioner") Motion for Summary Judgment (Dkt. No. 17). The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** both motions, and **REMANDS** the case consistent with this Memorandum Opinion.

**I.     BACKGROUND**

On May 15, 2020, Plaintiff timely filed this action for judicial review of the Social Security Administration's ("SSA") final decision on Plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.[3] On November

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Dkt. No. 25.)

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

[3] *See* Dkt. No. 1.

6, 2017, Plaintiff filed an application for benefits claiming an inability to work since January 1, 2015, due to low vision, diabetes, and high blood pressure.[4] The SSA found Plaintiff was not disabled at the initial level of review in February 2018 and again, upon reconsideration, in April 2018.[5] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[6]

On October 30, 2018, the ALJ conducted a hearing.[7] The ALJ heard testimony from Plaintiff and Vocational Expert Kassandra Humphress.[8] On January 16, 2019, the ALJ issued a decision denying Plaintiff's applications for disability benefits.[9] The ALJ found, "[t]he claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2015, through the date of this decision . . . ."[10] Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.[11] On November 5, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[12]

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). Following the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[13]

---

[4] *See* Dkt. No. 15-4 at 3, 25.
[5] *See id.* at 10, 33.
[6] Dkt. No. 15-5 at 38.
[7] *See* Dkt. No. 15-3 at 42.
[8] *Id.*
[9] *Id.* at 20–30.
[10] *Id.* at 30.
[11] *See* Dkt. No. 15-5 at 93.
[12] Dkt. No. 15-3 at 2.
[13] *See* Dkt. No. 1.

## II. LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*,

595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

**III. DISCUSSION**

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment

prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed four steps of the sequential process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2015.[14] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes with neuropathy and retinopathy.[15] At step three, the ALJ found that Plaintiff's impairments or

---

[14] Dkt. No. 15-3 at 26.
[15] *Id.*

combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[16] The ALJ found Plaintiff had the RFC to perform a full range of work at all exertional levels with certain nonexertional limitations.[17] At step four, the ALJ determined that Plaintiff was able to perform his past relevant work as a janitor.[18] Therefore, the ALJ found Plaintiff was not disabled as defined under the Social Security Act.[19]

Plaintiff moves to reverse the ALJ's decision, arguing that the ALJ erred with regard to (1) Step Two; (2) his RFC analysis; and (3) Plaintiff's past relevant work classification.[20] Conversely, Commissioner argues Plaintiff's claims are without merit and that substantial evidence supports the ALJ's decision.[21]

a. Step Two

Plaintiff argues the ALJ applied an incorrect standard at Step Two.[22] Commissioner contends Plaintiff's argument is without merit because the ALJ's analysis extended past Step Two.[23]

At step two, Plaintiff bears the burden of showing that he has a severe impairment. *Wade v. Saul*, No. CV H-18-2229, 2019 WL 4601927, at *4 (S.D. Tex. Sept. 20, 2019). A severe impairment is more than a slight abnormality that would not be expected to interfere with a plaintiff's ability to work. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Stone*

---

[16] *Id.*
[17] *Id.* at 27.
[18] *Id.* at 29.
[19] *Id.* at 30.
[20] Dkt. No. 20-1 at 3–9.
[21] *See* Dkt. No. 17 at 4–5; Dkt. No. 21 at 2–7.
[22] Dkt. No. 20-1 at 5.
[23] Dkt. No. 21 at 2.

*v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985)) (stating that "[a]n impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience"); *see Juarez v. Colvin,* No. CV H-15-1736, 2016 WL 7369128, at *17 (S.D. Tex. Nov. 30, 2016), *report and recommendation adopted*, No. CV H-15-1736, 2016 WL 7337974 (S.D. Tex. Dec. 19, 2016).

Here, the ALJ found Plaintiff's vision and hypertension "did not significantly limit the claimant's ability to perform work-related activities and were therefore not severe impairments."[24] Thus, the ALJ applied the wrong legal standard as "*Stone* requires a non-severe impairment to have *no* effect on an individual's ability to work," not have no *significant limitations*. *Arteaga v. Berryhill*, No. 4:18-CV-3475, 2020 WL 1154570, at *3 (S.D. Tex. Mar. 10, 2020) (emphasis in original); *see also Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805 (N.D. Tex. 2009) ("*Stone* provides no allowance for a minimal interference on a claimant's ability to work.").

However, as noted by Plaintiff, "the failure to find a particular impairment severe at step two is not reversible in and of itself as long as the ALJ finds that at least one other impairment is severe." *McMillan v. Saul*, No. H-18-CV-0037, 2019 WL 4601862, at *4 (S.D. Tex. Sept. 20, 2019). The ALJ ultimately found Plaintiff suffered from the following severe impairments: diabetes with neuropathy and retinopathy.[25] Thus, the ALJ's application of the improper legal standard is subject to a harmless error analysis. *See Taylor*, 706 F.3d at 603 (applying harmless error analysis to *Stone* error and noting cases should not be remanded unless the plaintiff's

---

[24] Dkt. No. 15-3 at 26.
[25] *Id.*

substantial rights have been affected); *see Murphy v. Berryhill*, No. 3:17-CV-01260, 2018 WL 4568808, at *14 (N.D. Tex. Sept. 24, 2018) ("*Stone* error does not mandate automatic reversal and remand, however; application of harmless error analysis is appropriate in cases where the ALJ proceeds past step two in the sequential evaluation process.")

In assessing Plaintiff's RFC, the ALJ gave attention to the medical findings and opinions related to Plaintiff's vision.[26] Thus, the Court finds the ALJ's error harmless with respect to Plaintiff's vision. *See Guzman v. Berryhill*, No. EP-17-CV-312, 2019 WL 1432482, at *7 (W.D. Tex. Mar. 29, 2019) (finding no error where the ALJ reviewed medical findings and opinions related to a nonsevere impairment).

However, the Court cannot determine whether the error was harmless with regard to Plaintiff's hypertension. While the ALJ states he "considered all symptoms" in making his RFC finding, he makes no mention of Plaintiff's hypertension anywhere in his analysis after Step Two.[27] In contrast, as noted above, the ALJ discussed the evidence related to Plaintiff's vision. It is unclear to the Court why the ALJ did not do the same for Plaintiff's hypertension. "The Court, therefore, cannot conclude the ALJ's use of the incorrect legal standard at Step Two was harmless." *See Arteaga*, 2020 WL 1154570, at *4 ("The ALJ's conclusory statement that he considered all of Plaintiff's symptoms is thus belied by the failure to address Plaintiff's [non-severe impairments] in his analysis.") The Court cannot reweigh the evidence or attempt to predict the ALJ's conclusion had he properly considered Plaintiff's non-severe impairment. *Brown*, 192 F.3d at 496. The case must be remanded.

---

[26] *Id.* at 27–29.
[27] *See id.* at 26–29.

Plaintiff also makes a conclusory statement that Plaintiff's need for a walking cane, chronic kidney disease, and hypertension are impairments that "are sufficient to meet the *di minimis* standard required to establish them as 'severe' impairments."[28] Given that Plaintiff bears the burden of showing that he has a severe impairment, the Court finds Plaintiff's single sentence as to this argument fails to carry that burden. *See Wade*, 2019 WL 4601927, at *4.

b. RFC

Plaintiff argues the ALJ erred by failing to provide limitations or accommodations in the RFC regarding Plaintiff's need for a walking cane, inability to drive a commercial vehicle, chronic kidney disease, hypertension, or eye conditions.[29] Commissioner contends substantial evidence supports the ALJ's RFC determination.[30]

RFC is a "determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). This evidence includes, but is not limited to, "medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations." *Roe v. Astrue*, No. 11-CV-226, 2013 WL 490676, at *4 (N.D. Tex. Feb. 8, 2013); *see Hollis v. Bowen*, 837 F.2d 1378, 1386–87 (5th Cir. 1988) ("A person's [RFC] is determined by combining a medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work.").

"The ALJ is responsible for determining an applicant's residual functional capacity." *Ripley*

---

[28] Dkt. No. 20-1 at 5.
[29] *Id.* at 5–6.
[30] Dkt. No. 17-1 at 4.

*v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); *see also Taylor*, 706 F.3d at 602–03. "The relative weight to be given the evidence contained in the record is within the ALJ's discretion [and] the ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Fleming v. Saul*, No. 19-CV-701, 2020 WL 4601669, at *4 (W.D. Tex. Aug. 10, 2020) (citing *Chambliss v. Massanari*, 269 F.3d 520, 523 & n.1 (5th Cir. 2001) and *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988)). The ALJ is also responsible for resolving conflicts in the evidence. *Chambliss*, 269 F.3d at 522. Nevertheless, the RFC determination, like all other determinations made by the ALJ, must be supported by substantial evidence. *Ramos v. Astrue*, No. 11-CV-1457, 2012 WL 1020194, at *4 (E.D. La. Feb. 27, 2012), *report and recommendation adopted*, 2012 WL 1019123 (Mar. 26, 2012); *Majkut v. Astrue*, No. 08-CV-92, 2009 WL 3110210, at *4 (N.D. Tex. Sept. 28, 2009).

Plaintiff argues the ALJ erred by failing to provide limitations or accommodations in the RFC for various impairments, but fails to explain how these limitations or accommodations would have changed the ALJ's RFC finding.[31] *See Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012) (holding that to establish an error warranting remand, a plaintiff bears the burden of demonstrating that it is possible that a different result would occur absent the error).

The Court notes that the ALJ reviewed records regarding Plaintiff's vision, arthritis, and diabetes in his RFC analysis.[32] Further, the Court agrees with Commissioner's argument that Plaintiff fails to establish the relevance of his inability to drive a commercial vehicle.[33] However, as discussed above, the ALJ fails to address Plaintiff's hypertension. The Court cannot "reweigh

---

[31] Dkt. No. 20-1 at 5–6.
[32] Dkt. No. 15-3 at 27–29.
[33] *See* Dkt. No. 21 at 4.

the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan*, 38 F.3d at 236. Thus, the Court cannot determine whether substantial evidence supports the ALJ's RFC determination. *See Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled.").

　　c.　Past Relevant Work Classification

Lastly, Plaintiff argues his past relevant work was misclassified by the Vocational Expert.[34] Commissioner argues Plaintiff should not be able to raise the issue on appeal when he did not raise it during the ALJ hearing.[35] The Court agrees.

If Plaintiff disagreed with the VE's classification of his prior work, "[he] was obligated to press the issue on cross-examination [because] [a]s the claimant, [he] retains the burden to establish that [he] is unable to perform [his] past relevant work." *Holland v. Colvin*, No. 3:14-CV-2964-K-BH, 2015 WL 5437727, at *13 n.4 (N.D. Tex. Aug. 31, 2015), *report and recommendation adopted*, No. 3:14-CV-2964-K, 2015 WL 5439051 (N.D. Tex. Sept. 15, 2015), aff'd, 652 F. App'x 266 (5th Cir. 2016); *see also Martinez v. Berryhill*, No. SA-17-CV-0027-ESC, 2017 WL 8180457, at *7 (W.D. Tex. Nov. 14, 2017). Here, Plaintiff's attorney did not question the VE regarding the classification of Plaintiff's past relevant work as a janitor.[36] *Brown v. Astrue*, No. 3:08-CV-0255-D, 2009 WL 64117, at *6 (N.D. Tex. Jan. 12, 2009) (noting the plaintiff failed to "cross-examine the VE regarding the putative conflict with the DOT, even though the VE testified that his

---

　　[34] Dkt. No. 20-1 at 7–9.
　　[35] Dkt. No. 21 at 7.
　　[36] *See* Dkt. No. 15-3 at 57–58.

conclusions were in accord with the DOT."). Consequently, Plaintiff's argument fails. *See, e.g.*, *Wise v. Barnhart*, 101 Fed. Appx. 950, 951 (5th Cir. 2004) (per curium) (finding that where a claimant's "representative was allowed to cross-examine the [VE] regarding the [ALJ's] hypothetical . . . even assuming, arguendo, that the [ALJ's] hypothetical was deficient in the respects urged on appeal, because [the claimant's] representative was afforded an opportunity to correct any perceived deficiencies, there is no reversible error"); *Carey v. Apfel*, 230 F.3d 131, 147 (5th Cir. 2000) (a plaintiff "should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of [a VE] and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing").

### IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** the Commissioner's Motion for Summary Judgment on the Step Two and RFC issue. The Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** the Commissioner's Motion for Summary Judgment on all other grounds. The case is **REMANDED** with instructions for the ALJ to consider:

(1) Plaintiff's hypertension at Step Two; and

(2) the RFC based on these changes.

It is so **ORDERED**.

**SIGNED** in Houston, Texas on March 18, 2022.

Sam S. Sheldon
United States Magistrate Judge